**Exhibit "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

VISTA-PRO AUTOMOTIVE, LLC,

                  Plaintiff/Judgment-Creditor,     **PROPERTY EXECUTION WITH**
vs.                                                     **NOTICE TO GARNISHEE**

CONEY ISLAND AUTO PARTS UNLIMITED,

                                                  Index No. 20-0401 (CGM)
                  Defendant/Judgment-Debtor.

RE:           CONEY ISLAND AUTO PARTS UNLIMITED, Defendant/Judgment-Debtor

SSN:

TO:          **MARSHAL OF THE CITY OF NEW YORK**

        **WHEREAS,** in the above-captioned action between the parties listed above, a Judgment was entered on May 19, 2015 in favor of said Judgment-Creditor, and against Judgment-Debtor Coney Island Auto Parts Unlimited Inc. in the sum of $48,696.21, together with interest thereon at the federal rate of .24%, in the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division, which Judgment has been transcribed to the United States Bankruptcy Court for the Southern District of New York, under BC No. 20, 0024, Case No, 20-0401 (CGM), and recorded in the Office of the County Clerk, Kings County on January 13, 2021, and there remaining due the entire amount of the Judgment.

        **NOW, THEREFORE, WE COMMAND YOU** to satisfy the said judgment out of the real and tangible and intangible personal property of Defendant/Judgment-Debtor Coney Island Auto Parts Unlimited Inc., including, but not limited to all equipment, inventory, vehicles, certificates, cash, cash register, accounts and accounts' receivables, and the following specified debt and property:

        **Any and all accounts (including account no. 0799003522 and any other account located at Metropolitan Commercial Bank), receivables and property subject to collection or sale**

and that only the property in which said Judgment-Debtor has an interest or the debts owed to it shall be levied upon or sold hereunder; **AND TO RETURN** this execution to the Clerk of the above-captioned Court within sixty (60) days after issuance unless service of this execution is made within that time or within extensions of that time made in writing by the attorney(s) for the judgment creditor.

Pursuant to CPLR 5205(l), $2,850.00 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR 5205(l)(2), is exempt from execution and that the garnishee cannot levy upon or restrain $2,850.00 in such an account.

Pursuant to CPLR 5222(i), an execution shall not apply to an amount equal to or less than 90% of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in New York Labor Law §652 as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

The notice pursuant to CPLR 5222 (d) and (e) was duly served upon the judgment debtor within four days after service of the restraining notice on Metropolitan Commercial Bank.

**LEVY AND COLLECT ALL SUCH PROPERTY AS WITHIN DIRECTED** with interest and fees, etc.

NOTICE TO GARNISHEE

To:   **Metropolitan Commercial Bank**

**YOU ARE HEREBY REQUIRED** by section 5232 of the New York Civil Practice Law and Rules (CPLR) forthwith to transfer to the sheriff all personal property in which the judgment debtor is known or believed to have an interest now in or hereafter coming into your possession or custody including any property specified in this notice; and to pay to the sheriff, upon maturity, all debts now due or hereafter coming due from you to the judgment debtor, including any debts specified in this notice; and to execute any documents necessary to effect such transfer or payment.

**AND TAKE NOTICE** that until such transfer or payment is made or until the expiration of ninety days after the service of this execution upon you or such further time as is provided by any order of the court served upon you whichever event first occurs, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court;

**AND TAKE NOTICE THAT** at the expiration of ninety days after a levy is made by service of this execution, or of such further time as the court upon motion of the judgment creditor has provided, this levy shall be void except as to property or debts which have been transferred or paid to the sheriff or as to which a proceeding under sections 5225 or 5227 of the Civil Practice Law and Rules has been brought.

Dated: February 17, 2021

_____
David A. Blansky, Esq.
**LAMONICA HERBST & MANISCALCO, LLP**
*Attorneys for Plaintiff/Judgment-Creditor*