UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VISTA-PRO AUTOMOTIVE, LLC,

                  Plaintiff-Judgment-
                  Creditor and Appellee,

       -v-

CONEY ISLAND AUTO PARTS UNLIMITED, INC.,

                  Defendant-Judgment-
                  Debtor and Appellant.

21 Civ. 8906 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    This appeal is from an order by the United States Bankruptcy Court for this District (the "New York Bankruptcy Court") denying, on comity grounds, a motion by appellant Coney Island Auto Parts Unlimited, Inc. ("Coney Island") to vacate a default judgment order entered by a different court—the United States Bankruptcy Court for the Middle District of Tennessee (the "Tennessee Bankruptcy Court"). On appeal, Coney Island argues that it was error for the New York Bankruptcy Court (1) not to grant the motion to vacate and (2) to do so on a ground that had not been briefed or argued. Appellee Vista-Pro Automotive, LLC ("Vista") defends the order. For the reasons below, the Court affirms the order.

I.    **Factual and Procedural Background**

    On November 17, 2014, an involuntary bankruptcy petition against Vista was filed under Chapter 7 of the Bankruptcy Code in the Tennessee Bankruptcy Court. Dkt. 17 at 5. On February 11, 2015, Vista commenced an adversary proceeding against Coney Island in that

court,[1] seeking unpaid invoices totaling $48,696.91, plus reasonable attorney's fees and

expenses. *See* Dkt. 6 ("Ginzburg Decl."), Ex. 1.  On February 23, 2015, Vista served Coney

Island by sending, via first class regular mail, a copy of the summons and complaint, to:

> Coney Island Auto Parts Unltd., Inc.
> 2317 McDonald Ave.
> Brooklyn, NY 11223.

*Id.*, Ex. 2.  On May 19, 2015—with Coney Island having not appeared before the Tennessee

Bankruptcy Court—the Hon. Randal S. Mashburn, United States Bankruptcy Judge, entered a

default judgment against it in the amount of $48,696.21, plus $7 per diem.  *Id.*, Ex. 5 (the

"Judgment").

More than five years later, on July 22, 2020, Vista registered the Judgment in the New

York Bankruptcy Court.  *Id.*, Ex. 6.  On January 13, 2021, Vista recorded the Judgment in the

Office of the County Clerk in Kings County.  *Id.*, Ex. 7.  On February 3, 2021, Vista served

Coney Island's bank, Metropolitan Commercial Bank ("Met Bank"), with an information

subpoena and restraining notice.  *Id.*  On February 5, 2021, Met Bank notified Coney Island that

it had received the restraining notice and placed a hold on its account in the amount of

$97,392.42.  *Id.*, Ex. 8.

On September 23, 2021, Coney Island filed a motion in the New York Bankruptcy Court

seeking vacatur of the Judgment entered by the Tennessee Bankruptcy Court.  Coney Island

argued that (1) it had already paid the invoices at issue in the adversary proceeding; and (2)

---

[1] "An adversary proceeding is essentially a self-contained trial—still within the original
bankruptcy case—in which a panoply of additional procedures apply." *In re Denby-Peterson*,
941 F.3d 115, 129 n.71 (3d Cir. 2019) (quotation omitted); *see also Cohen v. Bucci*, 905 F.2d
1111, 1112 (7th Cir. 1990) (Easterbrook, J.) ("Adversary proceedings in bankruptcy are not
distinct pieces of litigation; they are components of a single bankruptcy case.").

service in the adversary proceeding had been improper as it did not comply with Bankruptcy Rule 7004(b)(3)'s requirement that service upon a corporation via first class mail be to the attention of a corporate officer.[2]  On September 30, 2021, Vista opposed Coney Island's motion. On October 4, 2021, Coney Island replied.

On October 7, 2021, the Hon. Cecelia G. Morris, United States Bankruptcy Judge—and at the time the court's Chief Judge—held a hearing on Coney Island's motion.  She determined that the decision whether to vacate the Judgment should be made by the court that had issued it—the Tennessee Bankruptcy Court.  She explained:

> [T]he debtor's Chapter 7 bankruptcy remains open in the Middle District of Tennessee. . . . Coney Island needs to go back to Tennessee. The trustee's litigation with Coney Island will potentially enlarge the assets available to the debtor's creditors.  That adversary [proceeding] was filed in Tennessee.  Judge Mashburn granted motions to compel in relation to the entry of the default.  Coney Island may be successful in vacating that default.  From the papers submitted to this Court, it seems to appear that Coney Island was not served attention to the officer.  The Court, though, in its discretion, believes Coney Island's recourse . . . lies in Tennessee.  Again, [quoting] 11 Federal Practice and Procedure [Section] 2787, "Regardless of the power of the registration court to act, it has been thought desirable as a matter of comity to require the moving party to seek relief from the court in which the judgment originally was rendered." So I'm going to deny Coney Island's motion[.] . . . I understand it's not over, but it belongs in Tennessee, not here.

Dkt. 8, Ex. 1 (Transcript, or "Tr."), at 6–7.  On October 12, 2021, Chief Judge Morris entered an order formally denying the motion, for the reasons she had given at the hearing.  *Id.*, Ex. 2.

---

[2] *See Beneficial Cal., Inc. v. Villar (In re Villar)*, 317 B.R. 88, 93 (Bankr. 9th Cir. 2004) ("[N]ationwide service of process by first class mail is a rare privilege which should not be abused . . . . [T]hus, the service has to be made to a specifically named officer.  Accordingly, service on corporation was insufficient under the plain words of Rule 7004(b)(3) when it failed to specify a person or even an office."); *Savage & Assocs., P.C. v. 1201 Owner Corp. (In re Teligent, Inc.)*, 485 B.R. 62, 68 (Bankr. S.D.N.Y. 2013) ("[S]ervice not directed to the attention of anybody in particular is not sufficient.") (citation omitted).

On October 18, 2021, Coney Island filed a notice of appeal in the New York Bankruptcy Court. On October 28, 2021, the Marshal of the City of New York ("New York Marshal") served Met Bank a Property Execution with Notice to Garnishee, effectively ordering it to satisfy the Judgment. Dkt. 14 ("Blansky Decl."), Ex. B. On October 29, 2021, Coney Island filed a notice of appeal in this Court. Dkt. 1.

On November 12, 2021, Coney Island filed its opening brief. Dkt. 5 ("Mot."). On December 20, 2021, Vista filed its opposition brief. Dkt. 15 ("Opp."). On January 7, 2022, Coney Island filed its reply. Dkt. 16 ("Reply").

Coney Island did not move to stay satisfaction of the Judgment pending its appeal. On December 6, 2021, while its appeal to this Court was being briefed, the New York Marshal seized from Met Bank a sum sufficient to satisfy the Judgment. Blansky Decl., Ex. C.

## II.    Standard of Review

"District courts review the legal conclusions of the Bankruptcy Court *de novo*, and its findings of fact under the clearly erroneous standard." *In re AMR Corp.*, 610 B.R. 434, 444 (S.D.N.Y. 2019) (internal quotation and alterations omitted). "Matters left to the court's discretion are reviewed for abuse of discretion." *In re Adelphia Commc'ns Corp.*, 342 B.R. 122, 126 (S.D.N.Y. 2006) (internal citation omitted).

## III.    Discussion

### A.    Mootness

At the threshold, Vista argues that this appeal is moot because the Judgment has been satisfied. *See* Opp. at 8, 11–12; Blansky Decl., Ex. C ("[A] sum sufficient to satisfy the Judgment was seized by the Marshal of the City of New York in satisfaction of the Judgment."). Its premise is that satisfaction of the Judgment is a "comprehensive change in circumstance"

4

which "cannot be unwound." Opp. at 12; *see In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993) (appeal should be dismissed as moot when "events occur that would prevent the appellate court from fashioning effective relief" or where "implementation of . . . relief would be inequitable"). Vista is mistaken.

Generally, when a party seeks restitution of funds collected from it pursuant to an invalid judgment, "the baseline rule in this Circuit is that 'a party against whom an erroneous judgment or decree has been carried into effect is entitled, in the event of a reversal, to be restored by his adversary to that which he has lost thereby.'" *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 145 (2d Cir. 2019) (quoting *LiButti v. United States*, 178 F.3d 114, 120 (2d Cir. 1999)); *see also In re Lozito*, 43 F. Supp. 149, 153 (E.D.N.Y. 1941) (in bankruptcy case, finding that restitution should be made where the grounds for order pursuant to which funds had been paid no longer applied); *see generally* Restatement (First) of Restitution § 74 cmt. a ("The reversing tribunal can itself direct restitution either with or without conditions, or the tribunal which is reversed can on motion or upon its own initiative direct that restitution be made."). Whether a party "is entitled to [this] equitable remedy of restitution is a discretionary matter for a trial court." *LiButti*, 178 F.3d at 121.

Vista does not point to any authority barring courts from exercising such discretion in the context of Chapter 7 bankruptcy proceedings. To be sure, in some circumstances, equitable considerations have been held to justify dismissal of an appeal. *See, e.g., In re Chateaugay Corp.*, 988 F.2d at 326 (in bankruptcy reorganization matter, upholding dismissal, on equitable mootness grounds, of challenge to order requiring funds to be disbursed, where payments had been "key component" of a settlement agreement, and the payments had already been issued to "faultless beneficiaries who are not parties to th[e] appeal" and had "presumably used the

[payments] they . . . received to meet their living expenses"). Here, however, the equities do not favor terminating at the jump Coney Island's challenge to the default judgment. Vista's only argument for doing so is the incorrect one that, categorically, a court may not award restitution of funds paid out on a judgment that is later held void. *See* Opp. at 12. And in contrast to *In re Chateaugay Corp.*, where the funds had been disbursed to third parties who had likely spent the money, the funds of Coney Island's that are at issue here been have disbursed to a party (Vista) from which they can presumably be readily reclaimed. The Court therefore declines to dismiss the appeal as equitably moot.

**B.      The New York Bankruptcy Court's Decision to Abstain**

The Court next turns to the New York Bankruptcy Court's decision to decline to resolve Coney Island's motion to vacate, in deference to its Tennessee counterpart.

The parties agree that the New York Bankruptcy Court *could* have reached the merits of that motion. The Judgment was registered in the New York Bankruptcy Court. *See* Mot. at 8 (citing James Moore, 7 MOORE'S FEDERAL PRACTICE ¶ 60.28 (2d ed. 1979) ("[B]y registering the judgment in a particular forum the creditor seeks to utilize the enforcement machinery of that district court[, and] it is not unreasonable to hold that the latter court has the power to determine whether relief should be granted the judgment debtor under [Rule] 60(b).")); Opp. at 15. And, as Coney Island points out, ample caselaw authorizes courts of competent jurisdiction to vacate default judgments entered by foreign bankruptcy courts. *See, e.g.*, *In re Blutrich Herman & Miller*, 227 B.R. 53, 57 (Bankr. S.D.N.Y. 1998) ("If the Court rendering the challenged judgment never had jurisdiction over the person of the defendant or the *res* of the action, any such judgment is void and, therefore, subject to collateral attack. That attack may be made in any proceeding in any Court where the validity of the judgment comes in issue.") (quotation

omitted) (citing cases); *see also Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980) (in context of Rule 60(b) motion for relief from default judgment, "the court of registration . . . seems as qualified to determine the jurisdiction of the rendering court, particularly when the latter is a federal court of coordinate authority").[3]

The parties also appear to agree that the decision whether to defer on Coney Island's motion to vacate the default judgment, in deference to the court which had entered that judgment (the Tennessee Bankruptcy Court), was subject to an abuse of discretion standard. *See U.S. for Use & Benefit of Mosher Steel Co. v. Fluor Corp.*, 436 F.2d 383, 385 (2d Cir. 1970) ("*Mosher Steel*") ("Few would argue, however, that the court of registration lacks discretion in appropriate circumstances to refer the parties to the court which rendered judgment."); *Allstate Life Ins. Co. v. Linter Grp. Ltd.*, 994 F.2d 996, 999 (2d Cir. 1993) ("[S]ince the extension or denial of comity is within the court's discretion, we will reverse the court's decision only when we find an abuse of discretion.").

Coney Island, however, argues that Chief Judge Morris abused her discretion in doing so. Its argument to this effect largely consists of its merits argument as to why the default judgment was defective, warranting vacatur. As to the decision to abstain from reaching those merits arguments in favor of the Tennessee Bankruptcy Court, Coney Island emphasizes that that decision may increase the parties' litigation costs and delay resolution of its challenge.

Those arguments are unpersuasive. Chief Judge Morris was well within her discretion to leave resolution of Coney Island's challenge to the Tennessee Bankruptcy Court, which had

---

[3] Chief Judge Morris reserved judgment on whether she had authority to vacate the Judgment. *See* Tr. at 6 (distinguishing *Covington* and noting that the parties had failed to identify caselaw giving bankruptcy courts, as opposed to district courts, authority to vacate default judgments entered by foreign bankruptcy courts). The Court assumes *arguendo* that the New York Bankruptcy Court had this authority.

issued the default judgment. In exercising its discretion not to resolve the motion, she invoked a

fundamental principle of comity often invoked in this context—that "[r]egardless of the power of

the registration court to act, it has been thought desirable . . . to require the moving party to seek

relief from the court in which the judgment originally was rendered." Tr. at 7 (quoting 11

Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2787 (3d ed.

2002)).

Chief Judge Morris's decision was all the more sensible because resolution of the motion

to vacate the default judgment had the potential to affect Vista's ongoing bankruptcy proceeding

in Tennessee. *See id.* at 6 (confirming with counsel that the "Chapter 7 trustee [is] marshalling

assets into [the main] Chapter 7 case" and stating that the "trustee's litigation with Coney Island

will potentially enlarge the assets available").[4]   The decision thus had a solid footing in precedent

and reason. *See Mosher Steel*, 436 F.2d at 385; *Segal v. Trans World Airlines, Inc.*, 63 F. Supp.

2d 373, 381 (S.D.N.Y. 1999) (dismissing Rule 60(b) motion to vacate without prejudice to

plaintiff's right to bring issue before bankruptcy court that had issued order); *Coleman v.*

*Patterson*, 57 F.R.D. 146 (S.D.N.Y. 1972) (similar).

Coney Island's argument why Chief Judge Morris should have resolved its challenge to

the default judgment is, first, that lateraling that issue to the Tennessee Bankruptcy Court will

cost the parties time and litigation expense, and, second, that insofar as Tennessee Bankruptcy

Court had "no particular or prolonged history with this case," there are no institutional

efficiencies to its resolving the motion. Mot. at 13–14. But these critiques, although responsible,

---

[4] Coney Island suggests that Chief Judge Morris erroneously conflated the adversary proceeding and the main proceeding. *See* Mot. at 12–13. This is mistaken. Fairly read, her bench ruling merely noted that the adversary proceeding's resolution had potential implications for Vista's Chapter 7 proceeding, a point that was clearly correct.

do not make the decision to forbear an abuse of discretion.  Concerns regarding the time and cost

are mitigated by the straightforwardness of the issue, which appears to turn on a seemingly

simple application of a bankruptcy Rule of national applicability.[5]  *See* Tr. at 6–7 ("From the

papers submitted to this Court, it seems to appear that Coney Island was not served attention to

the officer.").  Moreover, with the Tennessee Bankruptcy Court's having entered the default

judgment, Chief Judge Morris could reasonably have concluded that its prior engagement with

Coney Island's circumstances gave it a leg up in resolving its present challenge.  *See id.* at 6

("Judge Mashburn granted motions to compel in relation to the entry of the default.").  And even

if no efficiencies stood to be gained, Chief Judge Morris could reasonably have concluded, as

she articulated, that respect to the sister court which had entered the judgment under attack was

of institutional value that counseled deference.  Institutional values are routinely held to be valid

grounds for a court's exercise of discretion, including whether to abstain in deference to a sister

court.  *See, e.g.*, *In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002) ("Permissive

abstention can be warranted 'in the interest of justice, or in the interest of comity with State

courts or respect for State law.'") (quoting 28 U.S.C. § 1334(c)(1)); *Osuji v. Fed. Nat'l Mortg.*

*Ass'n*, 571 B.R. 518, 521 (E.D.N.Y. 2017) (affirming bankruptcy court's decision to exercise

discretion to abstain from deciding bankruptcy adversary proceeding); *Universal Well Servs.,*

*Inc. v. Avoco Nat. Gas Storage*, 222 B.R. 26, 32 (W.D.N.Y. 1998) (exercising discretion to

abstain from deciding bankruptcy matter and remanding to state court to address merits); *cf. In re*

*Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148, 158 (2d Cir. 2015)

(affirming district court's exercise of discretion in refraining from reaching novel and complex

---

[5] Federal Rule of Bankruptcy Procedure 7004(b)(3) provides: "[S]ervice may be made within the United States by first class mail postage . . . by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent."

question of subject matter jurisdiction where threshold standing issue was dispositive); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (affirming district court's exercise of discretion in dismissing with prejudice "shotgun pleading," on ground that such pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts") (cleaned up); *see also generally In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) ("It is well established that district courts possess the 'inherent power' and responsibility to manage their dockets 'so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).[6]

Coney Island is thus simply wrong that Chief Judge Morris's decision not to reach the merits of the motion to vacate, based on comity and respect for a sister court, was outside "the range of permissible decisions." Mot. at 12 (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).[7] Her decision was well within her considerable discretion.

## C.      The Decision to Issue the Order *Sua Sponte*

In a separate argument largely developed in its reply brief, Coney Island faults the New York Bankruptcy Court for denying its motion to vacate based on principles of comity, without seeking the parties' input. Although conceding that courts are authorized to raise issues *sua sponte*, Coney Island argues that Chief Judge Morris erred in ruling from the bench on its motion

---

[6] In any event, at this juncture, with the matter on appeal, there are no judicial efficiencies to be gained in having the New York Bankruptcy Court—which specifically declined to grapple with the underlying facts or merits arguments—decide the issue.

[7] The parties' briefs debate issues relate to the merits of the motion to vacate, including whether Coney Island (1) was properly served in the Tennessee Bankruptcy Court; and (2) in fact paid the invoices Vista sought in the adversary proceeding. Because the Court affirms the ruling below, the Court, like Chief Judge Morris, does not have occasion to reach these issues.

on a ground that the parties had not raised, without first giving them an opportunity to be heard. Reply at 5 (citing *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 189 n.2 (2d Cir. 2001)).

Although Coney Island's critique that hearing it out before ruling on this ground would have been preferable is not without some force, in the context here, Chief Judge Morris's lack of consultation as to considerations of comity did not make her decision unlawful. As Chief Judge Morris articulated the point, the Tennessee Bankruptcy Court, where the Chapter 7 proceeding against Vista remained open, was the obvious forum to hear a challenge to a default judgment that that court had entered. Coney Island had not articulated why it had eschewed the natural forum for such a challenge. And, critically, Chief Judge Morris's decision did not deny Coney Island relief—it merely deflected its bid to a sister court. *See* Tr. at 7 ("I understand it's not over, but it belongs in Tennessee, not here."). Notably, the primary case on which Coney Island relies for its criticism of a *sua sponte* bench decision, *Digitel, Inc.*, affirmed the lower court's judgment, even as it (gently) expressed disapproval of the practice. *See* 239 F.3d at 189 n.2 ("With great respect to the busy district court, we note that such lack of notice—even when the court has authority to act *sua sponte*—is to be avoided."). And the other cases Coney Island cites involving denial of the right to be heard are factually far afield, with far more at stake than the question here of which forum would decide a challenge to a commercial default judgment. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (*sua sponte* dismissal of state prisoner's habeas petition); *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347, 1365 (2d Cir. 1985) (*sua sponte* dismissal of complaint for failure to state a claim).[8]

---

[8] Coney Island's argument that *Vista*'s right to be heard was also infringed by the bench ruling falls flat, because Vista urges affirmance of that ruling.

## CONCLUSION

For the foregoing reasons, the Court affirms the New York Bankruptcy Court's October 12, 2021 order denying Coney Island's motion to vacate.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: April 21, 2022
       New York, New York